Frederick W. Bopp et al.
vs.                        No.64246
Edward J. McBride
October 25, 1926

BLODGETT, J. Heard upon motion of defendant for new trial after verdict of a jury for plaintiff for $1200.

Action to recover damages from defendant by reason of certain false statements made by defendant in the sale to plaintiffs of the machinery and good will of a business carried on by defendant for the manufacture and sale of cones used in the ice cream business. Defendant in negotiating this sale employed a broker.

An advertisement was inserted in a newspaper offering this business for sale, couched in language adapted to attract the attention of a person desiring to engage in a lucrative business. Following this advertisement plaintiff met defendant, being introduced by Luke J. McGinnis, the broker, and plaintiff claims that defendant made certain statements as to the amount of business done by him that were false, and gave him a list of customers that was incorrect; that, further, it was impossible to use a certain truck sold by defendant on account of its condition.

The purchase price agreed upon was $4500. Up to the time of the cancellation by plaintiffs of the agreement to purchase plaintiffs had paid $1200 on account.

Actions brought to rescind a sale by reason of false representations must be sustained by competent proof. The purchaser of a business has the opportunity to make a careful investigation before committing himself by making a payment on account.

On the other hand the seller should be careful not to make any representation as to a material fact within his knowledge that he knows to be false, or to suppress any material fact within his knowledge that would tend to make a purchaser of such business hesitate. The seller, too, is bound to take into consideration the person with whom he is dealing in such a sale. If such person is entering upon a business that is new to him, and this fact is known to seller, or should be known from the facts brought out during the negotiations, this should lead a seller to take care to make no unfounded representations as to such business.

Bearing in mind these considerations, an analysis of the record discloses that the representations claimed as false by plaintiffs were:

That the business was represented as a "going business;"

That the list of customers was that of present customers of the business;

That the profits of the business were $200 a month.

That the cost of manufacture was 18 cents for each case of cones;

That the truck sold was represented to be in running order.

The plaintiffs testified that they the list of customers furnished by defendant and only succeeded in selling three dollars' worth of cones, and found that many on the list were not customers, and that the business was not a "going business" but would have to be built up; that the trucks, a Ford and Reo, were not in good running order, and that the Reo could not be started.

Carter, one of the plaintiffs, testified to an interview with defendant and with the broker, soon after the sale was consummated, in which complaints were made as to the amount of business done by McBride, and as to the list of customers visited, and as to the condition of the two trucks, and that the plaintiffs at that time demanded the return of the money paid in the rescission of the sale.

This business was purchased by McBride from one Searle. He added some machinery, ran the business by reason of ill health, put the same in the hands of a broker for sale and finally sold same to defendants for $4500.

The matter was submitted to a jury under instructions by the court. These instructions have been carefully considered by the court and would seem to have put before the jury every material aspect of the case for their consideration.

There was testimony upon which a verdict for the plaintiffs could be based.

In the motion for a new trial a number of affidavits were offered to the court signed by persons who allege they made purchases of cones from McBride while he was running this business. There is nothing to show that these witnesses could not have been produced at the time of the trial, and there testify, subject to cross-examination as to these facts. Defendant must have known that the necessity would arise in the course of the trial showing that these lists were genuine. The evidence given by defendant was not entirely satisfactory and gave the court the impression that upon purchase of the business and the attempt to carry on the same by himself, the result was not satisfactory and that he endeavored to get rid of the same as soon as possible.

Motion denied.

For plaintiffs: W. C. H. Brand.

For Defendant: Thomas J. Dorney.